## Jeanes v. Fellows

*H. Leland Smaltz*, for plaintiff.
*Charles A. Greene*, for defendant.

MacDade, P. J., October 2, 1942.—This is an action in assumpsit instituted on May 22, 1942, whereby plaintiff by statement of claim filed eo die is endeavoring to recover the sum of $441 from defendant for damages growing out of an automobile collision, which occurred November 12, 1941, at 5 p.m., on the Philadelphia Pike approaching Blue Ball Road, in the Borough of Marcus Hook. The automobiles were owned and driven by the respective parties.

Defendant has filed an affidavit of defense and counters with a claim for $276.52. The affidavit of defense was filed on June 8, 1942. No replication has been filed by plaintiff but defendant did file, on or about September 4, 1942, a petition praying for security for costs, setting up that plaintiff was a nonresident (living in the State of Delaware). On Sep-

tember 10, 1942, defendant filed an answer setting up that:

1. Defendant did not have a just defense against the whole demand of plaintiff.

2. Plaintiff was a nonresident but that defendant had knowledge of the same before he filed his affidavit of defense.

3. Defendant's petition was not filed according to law inasmuch as it was not presented until after the filing of the affidavit of defense; and after the case had been listed for trial.

Therefore the inquiry is: Should not plaintiff be required to give security for costs in accordance with rule 69 of the rules of this court?

The rule, supra, is as follows: "In cases where the plaintiff resides out of the State at the time of suit brought, or subsequently removes therefrom, and in qui tam actions, and in cases where proceedings in bankruptcy are pending against the plaintiff, the defendant, on filing an affidavit of defense in actions in which an affidavit of defense is required, and in other actions on filing an affidavit of a just defense to the whole of the plaintiff's demand, may enter a rule for security for costs; and in default of security being entered at the time fixed by the court, judgment of non pros. may be entered by the prothonotary."

An application for a rule for security for costs is never too late in the case of a foreign plaintiff unless it goes to procure delay, which is not apparent in the instant case. The issue is scheduled for trial at the present term and there is no valid reason why plaintiff cannot furnish security for costs within a reasonable time and before the case is actually called for trial. This basic principle is reported in Shaw, etc., v. Wallis, 1 Yeates 176.

Indeed it is expressly held that even when a case is at issue a foreign plaintiff should be required to post

security. See Larsen-Richter Co. v. Nertney, 19 D. & C. 650 (1932), wherein it was held (syllabus):

"Unless a rule of court expressly provides otherwise, defendant may require plaintiff to give security for costs even after the case has been placed on the trial list, if no delay is occasioned thereby."

Our rules are not contrary to this decision and the latter should prevail herein.

In the latter case, the court stated:

"It is admitted that the plaintiff has always been a nonresident, but it is urged by the plaintiff that this rule does not apply because this is a case which has reached this court upon appeal by the defendant from a judgment before an alderman, and further because the request for security was made after the case had been placed on the trial list. Even if the case had been placed upon the trial list, it is not contended that this ·rule worked a continuance of that case, and it is certainly not on any trial list now . . ."

Even after the case has been tried and the jury disagreed, it has been held in Pennsylvania that security for costs may be required: Knoll v. P. R. T., 42 W. N. C. 232; Hickok v. The Park Association, 14 W. N. C. 12.

In the latter case, it was decided that (syllabus): "It is not too late to apply for a rule on the plaintiff to enter security after the case is at issue." See also Hallahan v. Murray, Garnishee, 3 W. N. C. 44, and Rathbone, to use, v. Stetson et al., 4 W. N. C. 55.

We think defendant's rule, made returnable on September 18, 1942, was in time, when at least 10 days would elapse before the closing of our civil list. Neither do we perceive any course of conduct which indicated a deliberate attempt to delay justice or result in any inconvenience to plaintiff. There was not such laches herein according to the factual situation as to be determined as inexcusable and sufficient to impute to

defendant a desire merely to obstruct and delay plaintiff. The parties are entitled to their day in court upon the merits of their cause and technicalities should not be employed to defeat justice: Rea's Will, 15 Phila. 578; Bickford v. Ice Co., 8 W. N. C. 106.

We must, therefore, make defendant's rule for security for costs absolute.